LITTLE PITTSBURGH CONSOLIDATED MINING CO. *v.* AMIE MINING CO.

(*Circuit Court, D. Colorado.* July 2, 1883.)

1. MINING CLAIM—LOCATOR DISPOSING OF PART.

  After a mining claim has been properly located, the owner of it may sell any part without prejudice to his right to hold the remainder. He may dispose of it by gift or grant in any way that seems proper to him, and the mere fact that a part of it is transferred to another will not defeat the right of the locator to other portions which were not so sold, disposed of, or surrendered.

2. SAME—PREVIOUS LOCATION.

  A location of a mining claim cannot be made by a discovery shaft upon another claim which has been previously located. and which is a valid location.

At Law.

*Rockwell & Bissell,* for plaintiffs.

*Markham, Patterson & Thomas,* for defendants.

HALLETT, J., (*orally*.)   The Little Pittsburgh Consolidated Mining Company brought an action of ejectment against the Amie Mining Company to recover the Winnemucca mining lode.   The defendant answered, among other things, that the plaintiff at one time, without stating what time, set up a claim to the Winnemucca lode, and also to the Little Pittsburgh lode.   At that time the Winnemucca lode was owned by other parties, claiming adversely to the plaintiff, and the Little Pittsburgh lode embraced or covered all of the Winnemucca claim except the ground in controversy in this suit, which is a small strip upon one side or the other—I don't remember the exact location.   The ground then claimed by the plaintiff as a part of the Little Pittsburgh claim included the discovery shaft of the Winnemucca claim.   The owners of the Little Pittsburgh claim applied for a patent to that claim, and were met by an adverse proceeding on the part of the owners of the Winnemucca claim, which was settled in some way, by which the claimants of the Little Pittsburgh property became entitled to their entire claim, including the discovery shaft of the Winnemucca claim.   The adverse claim was withdrawn from the land-office, and the Little Pittsburgh people were allowed to make the entry of their lode.   There is some confusion in the statements of the answer as to who were the parties owning these claims, respectively, at that time.   In some parts of the answer it appears that the present corporation, the Little Pittsburgh Consolidated Company, then claimed and owned the Little Pittsburgh claim, and conducted the proceedings for patent; and from other parts of the answer it would seem that it was not this company, but some one from whom it has derived title.   But the substance of the answer is that by the withdrawal of the adverse claim to the application of the Little Pittsburgh claim for a patent the Winnemucca parties abandoned their claim entirely, and no right or title can be now set up under that location.   This position appears to be to the effect that one who owns a mining claim must at all events hold on to his discovery shaft until he has obtained a patent for his claim. If he yields it to another in any way, by conveyance or otherwise, he thereby abandons the rest of his claim.

I do not see upon what principle such a conclusion can rest.   After a claim has been properly located, the owner of it may sell any part without prejudice to his right to hold the remainder.   He may dispose of it by gift or grant in any way that seems proper to him.   What was done in this instance by the Winnemucca parties and the Little Pittsburgh parties is not stated.   Whether the Winnemucca parties yielded voluntarily to the Little Pittsburgh people, or made sale to them, or in what way they disposed of their interest, if they had any, in this claim, is not stated.   But I do not think that can be material.   Any concession that they may have made to the Little Pittsburgh people is to them only, and is not available to any other person.

It has been decided, it is true, in the supreme court of this state,

and in this court also, that a location may not be made by a discovery shaft upon another claim which has been previously located, and which is a valid location, but that doctrine has nothing to do with the point in controversy here. For all that appears, the Winnemucca may have been the better location, and it may have been sold by the Little Pittsburgh parties, or disposed of in some way. The mere fact that a part of it was transferred to the Little Pittsburgh parties is not enough to defeat the right of the locators to other portions which were not sold, disposed of, or surrendered.

The demurrer to the answer will be sustained.