UPTON ET AL., respondents, *v.* LARKIN ET AL., appellants.

MINING CLAIM — *Location before discovery is void.*— A location of a mining claim void at the time it was made, because of no discovery of a lode, or because the discovery was made on a claim already located and patented, continues and remains void, and is not cured or made effectual by a subsequent discovery on the claim located.

*Appeal from Second District, Silver Bow County.*

KNOWLES & FORBIS, for appellants.

ROBINSON & STAPLETON, for respondents.

WADE, C. J. This is an action by respondents to quiet their title to a certain piece and parcel of land known as

the Camanche quartz mining claim, a part of which is claimed by appellants, under and by virtue of their location of the Smelter mining claim. The facts, as they appear by the special findings and the testimony, are in substance as follows:

The Camanche claim was located January 19, 1879. The discovery shaft of the Camanche was within the limits and boundaries of the Shannon claim, as surveyed and patented at that time. At the time of the location of the Camanche claim, there had not been any discovery of a vein or lode within its limits, but in running a tunnel on the claim, between the months of December, 1881, and the last of February, 1882, a vein or lode of quartz or rock in place, with one well-defined wall bearing silver or other precious metals, was discovered within the boundaries of said Camanche claim and outside the boundaries of the Shannon claim. The location of the Smelter claim, which covers and includes a portion of the Camanche claim — the ground so included being the property in dispute in this action — was subsequent to the discovery of said vein or lode in the tunnel of the Camanche claim.

Upon this state of facts the appellants asked the court, among others, to give the following instruction to the jury, viz.: "If the plaintiffs did not discover, at the time they made their location, a mineral-bearing vein, with one well-defined wall, upon ground subject to location, you should find for defendants. In other words, if the plaintiffs discovered, at the time they made their location, their vein upon land belonging to Charles K. Larrabie or any one else, then the jury, if they so find from the evidence, should find for the defendants." The court refused to give the instruction, and upon this refusal is based one of the errors complained of.

The Camanche mining claim was a location without a discovery. At the time the location was made, there had been no discovery of a vein or lode within its limits or

elsewhere. The location seems to have been made by virtue of a shaft sunk within the boundaries of the Shannon, which was a patented claim, but no vein or lode had been discovered in the shaft at the time of the location, and if there had been, it would have been a discovery upon grounds belonging to other persons, and, therefore, could not have authorized a location; but about two years subsequent to the location, and before the location of the Smelter claim, a discovery was made in a tunnel on the Camanche claim, and outside of the Shannon boundaries, which discovery, respondents contend, validates the Camanche location.

This theory of respondents is based upon an instruction given to the jury in the case of *The Jupiter Mining Company* v. *Bodie Consolidated Mining Company*, by Judge Sawyer in the circuit court of the United States (11 Fed. Rep. 676), as follows: "I instruct you further, that if a party should make a location in all other respects regular, and in accordance with the laws and the rules, regulations and customs in force at the place, at the time, upon a supposed vein, before discovering the true vein or lode, and should do sufficient work to hold the claim, and after such location should discover the vein or lode within the limits of the claim located, before any other party had acquired any rights therein, from the date of his discovery, his claim would be good to the limits of his claim, and the location valid." This instruction, if it is the law, would be applicable to a case where a person enters upon the public mineral lands and discovers what he supposes to be a vein or lode, and makes a location by virtue of such discovery before he has discovered the true vein or lode, and subsequently, and before any other person has acquired any rights, makes such discovery. Such a case would differ in many respects from the one under consideration.

In this case the appellants, without any right or authority, and as mere trespassers, entered upon the Shan-

non mining claim, which had been patented, and was held and owned as private property in which the government had no interest, and which was in no sense public land, and sunk a shaft within the boundaries of such claim, and without any pretense of having made a discovery therein, upon a supposed vein or lode, and simply by virtue of a hole in the ground upon the private property of another, made the location of the Camanche claim. The question is, whether such a location becomes valid by the subsequent discovery of a vein or lode within the limits of the claim located?

A discovery within the boundaries of the Shannon claim would not authorize or support the location of the Camanche claim outside of such boundaries. The discovery must be within the limits of the claim located, and must have been made on the public mineral lands. A location without a discovery does not carry with it a grant from the government to the exclusive possession and enjoyment of the ground located, nor does such a grant attach or belong to a discovery alone. The right to so possess portions of the public mineral lands as that the right to purchase attaches thereto, comes alone from a discovery and location in pursuance of law. If a discovery is made, the right of location follows.

"A location is not made by taking possession alone, but by working on the ground, recording and doing whatever else is required for that purpose by the acts of congress and the local laws and regulations." *Belk* v. *Meagher*, 104 U. S. 284.

If, by the law, something remains to be done before the declaratory statement or notice of location can be recorded, then there is no valid location. "A location to be effectual must be good at the time it is made." Id. 285. The grant of the government does not attach unless the location has been made in pursuance of law. The act of congress authorizing the exploration and purchase of the public mineral lands provides (sec. 2320,

R. S. U. S.) that no location of a mining claim shall be made until the discovery of the vein or lode within the limits of the claim located. The discovery thus becomes a condition precedent to the location.

Recording the notice or declaratory statement in the proper county is one of the acts of location; but the statute of the territory provides that, before such a record can be made, there must have been a discovery of a vein or lode of quartz or ore, with at least one well-defined wall. R. S. 590, sec. 874. In the case of *Hauswirth* v. *Butcher*, 4 Mont. 307, we held that before there can be a valid location there must be a discovery. *Van Zandt, Trustee,* v. *Argentine Mining Co.* 2 McCrary, 159.

If, as held by the supreme court of the United States in the *Belk Case, supra,* a location to be effectual must be good at the time it is made, it follows that a location void at the time it is made, because of no discovery, or because the discovery was made on a claim already located and patented, continues and remains void; and is not cured or made effectual by subsequent discovery on the claim located. The statute does not permit a location and then a discovery, but in all cases the discovery must precede the location. We cannot do away with the express language of the statute, and hold that there may be a valid location of a mining claim before there has been a discovery on the claim located. And, especially, we cannot maintain a location made by virtue of a shaft sunk on the patented claim of another person. If, subsequent to the location of the Camanche claim, a discovery was made thereon, then was the time to have made a valid location of the claim.

It is immaterial to this inquiry whether the Smelter location was valid or not. This is an action to quiet the title of the respondents, and they must show a good title. This view of the case renders it unnecessary to discuss the other questions presented in appellant's brief.

The judgment is reversed and cause remanded for a new trial.