Bissell, P. J.,
delivered the opinion of the court.
The condition of the proofs entitled the appellants to an instruction, which the court refused to give. No other matter will be considered, for the errors complained of are either not of sufficient gravity to reverse the case, or were cured by what subsequently occurred during the trial. A very brief statement will suffice to render the opinion intelligible. The controversy is in the form of an adverse suit between the owners of the Long John Lode and the owners of the Aurora and Elgin claims, which were located on Aspen Mountain in Pitkin county. The Long John was the prior location, having been located in the summer of 1883. The litigation does not involve the validity of any of the steps taken to initiate the title to any of the claims, and the facts with respect to these matters will not be stated. In May, *279 1888, the appellants, Carson and his co-owners, staked the ground, and took the requisite statutory steps to acquire title to the territory embraced in the Aurora and Elgin Mining claims. Subsequently, they made application for a patent, and while the advertisement was pending the appellees, Girard & Co., as owners of the Long John, commenced this adverse suit to determine the title to-the disputed territory. Having the prior location, if in all other respects their title was good, they must of course succeed. Under the issues, as made up by the pleadings, and supported to a greater or less extent by the proofs, the owners of the Aurora and the Elgin attempted to maintain their right to the ground embraced within their lines by evidence which tended to show that after the Long John had been located, the North Star Lode, which was another claim in that vicinity owned by Tourtelotte and others, had been so located as to include within its exterior lines the discovery shaft of the Long John claim. The North Star, at the time of the trial, had gone to patent, and if the Long John discovery shaft was on the ground included within its boundaries, the owners of the Long John had of necessity lost title to that part of the territory. It was not established that the owners of the Long John had sunk any other discovery shaft within the limits of their claim prior to the location of the Aurora and Elgin which would amount to a compliance with the state and Federal statutes in this particular. There was enough proof in the case in respect of these matters to entitle the appellants to a finding by the jury on this subject, under an instruction which should aptly state the law respecting it.
Ever since the decision of the case of Gwillim v. Donnellan, 115 U. S. 45, it has been the conceded and established law that if a locator permits an adjoining claimant to obtain a patent from the government for that portion of his territory which includes his discovery shaft, and he is without another which gives him a superior right as against the contesting claimant, he must be adjudged to have lost title to whatever territory is embraced within the limits of his claim. That *280 case unquestionably decides, that if the locator permits the adjoining occupant to patent that part of his territory, it is the equivalent of an adjudication that he is without title, and the remaining part of his location reverts to the condition of public lands, and is open to location and purchase by other citizens and claimants, unless the locators in some legal fashion have initiated a new title. Since the proofs raised the question which tended to bring this case within the scope of that doctrine, the appellants were entitled to have the jury properly instructed on the subject. They asked the court to state the law to be as enunciated in that decision. The court stated it with this limitation, that the North Star owners were locators senior to the claimants of the Long John, and declined to apply the rule in case the jury found that the North Star owners were junior locators, though holders of a patent to the ground. In this respect the court erred. The law would be precisely the same in either case. When Tourtelotte and his co-owners received the title from the government — the date of the initiation of their title was a matter of no consequence. Having no title the owners of the Long John neither had it nor could they acquire it. They had lost their discovery shaft which was an essential evidence of their title, without which their claim could not be a valid one.
For the error committed by the court in refusing to give a proper instruction upon this subject, the cause must he reversed and remanded for a new trial, in conformity with this opinion.

Reversed.