HALLACK ET AL. v. TRABER ET AL.

1. MINING CLAIMS—ADDITIONAL LOCATION CERTIFICATES.

An additional location certificate of a mining claim must be based upon
an original and relate back to the first location.

2. TRUSTS AND TRUSTEES.

A trustee is not permitted to reap a profit or gain an advantage, directly
or indirectly, from the trust estate or from his relation to it.

3. SAME.

One to whom interests in a mining claim had been conveyed for the
purpose of obtaining a patent for the benefit of all the owners filed
an amended or additional location certificate taking in additional
territory and afterwards obtained a patent to the claim as described
in the additional or amended certificate. *Held*, that the title to the
territory thus acquired inured to the benefit of all the *cestuis que
trust.*

*Appeal from the District Court of Lake County.*

Messrs. ROGERS, CUTHBERT & ELLIS, for appellants.

Mr. J. E. HAVENS, for appellees.

CHIEF JUSTICE HAYT delivered the opinion of the court.

This is an appeal from a judgment upon pleadings, con-
sisting of a complaint and answer. The undisputed facts
are that the Little Nell lode mining claim, this being the
property in dispute, was originally located by E. C. Cav-
anaugh and others, the location certificate being filed on
June 11, 1889. Afterwards, by various conveyances, the
title passed into the parties to this action, plaintiffs and de-
fendants, who held the property as tenants in common.

While the property was so held it was deeded to Erastus
F. Hallack, appellant, in trust, for the purpose of obtaining
a patent thereto for the benefit of all the owners. Hallack,
while so acting as tenant in common and trustee, filed an
additional location certificate of the claim, taking in addi-

tional territory.   Afterwards a patent was issued to Hallack
for the Little Nell mining claim, as described in this amended
or additional location certificate, and we are to determine
upon these facts whether the additional territory is the sole
property of appellant Hallack, discharged from any trust in
reference thereto, or whether he holds the same in trust and
can be required to deed to his cotenants interests in the addi-
tional territory upon the basis of their ownership in the Little
Nell lode as originally located.

The second cause of action depends upon the first.   It
grows out of the same facts and the further fact that lessees
of Hallack, the trustee, have paid to him certain amounts as
royalties for ore taken from this additional territory.   Plain-
tiffs ask to recover their proportionate share of such royal-
ties.   Judgment having been rendered in their favor in the
court below upon both counts, the defendants appeal.

The amended location certificate filed by Hallack, the
trustee, was filed by virtue of the following provision of our
statute :

"If at any time the locator of any mining claim hereto-
fore or hereafter located, or his assigns, shall apprehend that
his original certificate was defective, erroneous, or that the
requirements of the law had not been complied with before
filing, or shall be desirous of changing his surface boundaries,
or of taking in any part of an over-lapping claim which has
not been abandoned, or in case the original certificate was
made prior to the passage of this law, and he shall be desir-
ous of securing the benefits of this act, such locator, or his
assigns, may file an additional certificate, subject to the pro-
visions of this act; *Provided*, that such re-location does not
interfere with the existing rights of others at the time of
such re-location, and no such re-location or other record
thereof shall preclude the claimant or claimants from prov-
ing any such title or titles as he or they may have held under
previous location."   Sec. 2409, Gen. Stats. 1883.

The amended location certificate presupposes and is based
upon an original.   Hallack was only able to file an amended

location certificate by reason of the fact that the original had been filed by his grantors. Under the statute he was permitted to take in additional territory, without making a new discovery, and patent the same without any additional outlay in the way of labor and improvements. He took advantage of the title held in common by himself and his cotenants, and the common expenditure made by all, for the purpose of securing additional territory. If this had been done by reason of his being a tenant in common alone, there can be no question but that the title thus acquired would have inured for the benefit of all, but it is claimed, in this case, that he is relieved of this duty by reason of his position as trustee; it being urged that, as such trustee, his duty to his *cestuis que trust* was fully discharged by compliance with the letter of his contract, which letter, it is said, required him to deed to them their proportionate interests in the Little Nell lode mining claim as the same was located at the time he assumed the duties of trustee with reference to the property. The answer to this contention is found in the manner and means resorted to by Hallack in acquiring title to the additional territory. As we have seen, he was enabled to do this by reason of his trusteeship. In the absence of such relation, he could not have filed an additional location certificate, unless for the benefit and in the names of all. An additional location certificate must be based upon an original and relate back to the first location. *Strepey et al. v. Stark et al.*, 7 Colo. 614.

To permit Hallack to retain in his own right and for his individual use this additional territory would be to allow him to reap an advantage from the trust property, and from his relation to it as trustee. This cannot be permitted. A trustee will not be allowed to reap any profit or gain any advantage, directly or indirectly, from a trust estate or his relation to it. This rule is necessary for the protection of trust estates. It has its foundation in the soundest principles and is approved by all the authorities. Perry on Trusts, sec. 427, *et seq.*, and cases cited. Lewin on Trusts, page 225, *et seq.*, and cases cited.

There is no basis for the claim that the plaintiffs are chargeable with laches in the bringing of this suit. The deed to Hallack in trust was for the purpose of obtaining a patent to the Little Nell lode mining claim, and this suit was instituted as soon as the patent reached the land office and before its delivery. It was at the time being held for delivery upon the application of Hallack, and this suit was instituted in apt time. The judgment will be affirmed.

*Affirmed.*