[Sac. No 830.   Department Two. — November 25, 1901.]

## TUOLUMNE CONSOLIDATED MINING COMPANY, Appellant, v. A. C. MAIER, Respondent.

Mining Claims — Water Rights — Ditch — Prior Appropriation — Injunction — Findings against Evidence. — In an action by the owner of a mining claim to enjoin interference with the plaintiff's ditch, which conveyed water for mining purposes across defendant's claim, findings in favor of the defendant, under his cross-complaint seeking an injunction against the plaintiff, to the effect that he had made a prior location of the water right and of his quartz mine, are against evidence which shows the initiation of a prior right to the water and ditch in the plaintiff, and does not show any notice of appropriation of the water by the defendant, but shows that the defendant's first use of the water was subsequent in point of time to plaintiff's appropriation thereof, and does not show that the defendant had discovered any minerals within his quartz location until after plaintiff's right to maintain his ditch had attached.

Id. — Location of Mining Claim — Discovery of Mineral. — There can be no valid location of a mining claim without an actual discovery of mineral thereon; and conceding that a previous location without such discovery may become valid by a subsequent discovery of mineral, the land must be treated as government land up to the time of such discovery. A location based upon a discovery within the limits of another existing and valid location is void.

APPEAL from a judgment of the Superior Court of Tuolumne County.   G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

J. P. O'Brien, for Appellant.

F. W. Street, for Respondent.

THE COURT. — Action for an injunction against the interference of defendant with plaintiff's ditch. The defendant filed a cross-complaint, alleging that he was the owner of the Buena Vista Quartz Mine, situated below the head of plaintiff's ditch on Duckwall Creek, and that plaintiff, by means of its ditch, had deprived defendant of the use of the water of said creek in and upon his said quartz-mining claim; also, that plaintiff had constructed its said ditch across defendant's said mine. The court gave defendant judgment for restitution of that portion of his mining claim across which the ditch was con-

structed, and perpetually enjoining plaintiff from diverting the waters from said creek, and from in any manner preventing at least twenty inches of the natural waters thereof from flowing in their natural channel over and through said Buena Vista Quartz Mine.

The appeal before us is from an order denying plaintiff's motion for a new trial.

It appears that the plaintiff, a mining corporation, owned the Providence Mine, and in connection therewith it owned the ditch running across defendant's said Buena Vista mining claim; that the construction of this ditch, and the accompanying appropriation of water, was initiated on the twelfth day of June, 1897, by duly posting and recording a notice of appropriation of five hundred inches of the waters of said Duckwall Creek for use on said Providence Mine; that thereafter the construction of the ditch proceeded with due diligence to the time of its completion in October, 1898.

Prior to the initiation of the construction of this ditch, and on the tenth day of February, 1896, the defendant located the said Buena Vista Quartz Mine. It appears that the last-named mine, as located, overlapped to a large extent a previously located claim, known as the Cornet Mine. Duckwall Creek runs through that part of the Buena Vista which does not overlap any other claim. In 1898, the defendant constructed a dam in Duckwall Creek, and in the month of December of that year he commenced for the first time to divert and use the waters of said creek for mining and milling purposes. The court found, in effect, that the defendant, with others, duly located the Buena Vista Mine on the tenth day of February, 1896, and that the defendant ever since that date had been the owner of an interest therein.

The court further found that ever since said last-mentioned date, and until prevented by plaintiff from so doing, the defendant used the waters of said creek, to the extent of twenty inches thereof, "in and upon said Buena Vista Quartz Mine, for mining and milling purposes."

The appellant attacks both these findings, on the ground that they are not supported by the evidence, and we think the ground is well taken.

As to the latter finding, there was no evidence of the posting of any notice of appropriation, and the testimony of respondent as a witness is to the effect that his first use of the water

for mining purposes was not earlier than December, 1898, when he first used it in his mill. There was no evidence of any earlier use than this of said water for mining or milling purposes by defendant. So far as the appropriation of the waters of said creek are concerned, the evidence without conflict shows plaintiff's appropriation to have been prior in point of time to defendant's.

As to the other finding, we think the evidence fails to show that the Buena Vista Mine was "duly located," as against plaintiff's right to maintain his ditch, for the reason that there is no evidence of any discovery of minerals until after plaintiff's right to maintain his ditch thereon had attached. We take it to be the conceded law that there can be no valid location of a mining claim without an actual mineral discovery thereon (*Erhardt* v. *Boaro,* 113 U. S. 535; *O'Reilly* v. *Campbell,* 116 U. S. 418); and for the purposes of this case it is unnecessary to decide whether such discovery must precede the posting and filing of the notices; for it may be here conceded that a previous location may be made valid by a subsequent discovery of mineral; still there can be no valid claim to the land, and it must be treated as government land up to the time of such discovery. Of course, to be effective, the discovery must have been made outside the limits of the Cornet Mine. "A location based upon a discovery made within the limits of another existing and valid location is void." (Lindley on Mines, sec. 337; *Gwillim* v. *Donnellan,* 115 U. S. 45; *Upton* v. *Larkin,* 5 Mont. 600.) The evidence shows that the Cornet Mine came down to the north bank of said Duckwall Creek. We have searched respondent's testimony in vain to find where he testifies that he ever made any mineral discovery south of this creek or outside of the Cornet Mine. He says in his testimony: "I prospected the ground some, prior to making the location. I discovered quartz veins in and upon the ground. I prospected these veins to know if they carried gold." Where he did this prospecting, whether it was on the Cornet Mine or not, does not appear; nor does the result of his prospecting appear. Though he prospected for gold, he fails to tell us that he found a color. He should have discovered a mineral-bearing vein or lode, to make his claim valid. (U. S. Rev. Stats., sec. 2320.) The testimony of the other witnesses cited in respondent's brief is not available on the question of discovery, because it relates to a time subsequent to the construction of appellant's ditch. Some six

or seven miners who had examined the Buena Vista testified that there was no vein or lode on it; that they had examined the points where the vein or lode was said to be, and there was no vein there. There was, then, a sharp conflict in the evidence as to whether the alleged mine actually contained a vein or lode at the time of the trial or at all; but on the question of a mineral discovery there was an entire absence of evidence showing such discovery at any time previous to the construction of appellant's ditch. 'Treating the land, then, as government land at the time of the construction across it of appellant's ditch, whatever right may have been acquired in it by subsequent discoveries of mineral was subject to the easement of plaintiff's ditch, and to his rights as a prior appropriator. (*Smith* v. *Hawkins*, 110 Cal. 125; *Broder* v. *Water Co.*, 101 U. S. 275.) The findings referred to are without support in the evidence, and the order appealed from is therefore reversed.

Hearing in Bank denied.