[No. 4570.]

SULLIVAN ET AL. v. SHARP ET AL.

1. **Mining Claims—Location.**

A location of a mining claim, based upon a discovery within the limits of a valid existing location, is void.

2. **Same—Additional or Amended Location.**

Where the original location cf a mining claim was void because it was based upon a discovery within the limits of a valid existing location, such void location could not be cured and made valid by filing an additional or amended location certificate under section 3160, Mills' Ann. Stats.

*Appeal from the District Court of Teller County: Hon. Wm. P. Seeds, Judge.*

The only question argued and presented for determination by this appeal, is the effect of an additional or amended location certificate, as provided in section 3160, Mills' Ann. Stats., on the title to a mining location discovered and located within the boundaries of a prior valid location, as against the title of the claimant to the latter, who had neglected to

perform the annual assessment for the year next preceding the date of the filing of such amended certificate. The subject-matter of controversy is the conflict between two mining locations, known as the Quaking Asp and Dog Nest lodes. These two locations cover practically the same territory. The Quaking Asp is the prior location. The Dog Nest was discovered and located within the boundaries of the Quaking Asp in the year 1900. The Dog Nest applied for a patent, which application was adversed by the Quaking Asp. The pleadings are of the character usually filed in adverse cases. By paragraph seven of the answer filed on behalf of the claimants of the Dog Nest, it was averred that the claimants of the Quaking Asp had failed and neglected to perform the annual assessment on their claim for the year 1900, and that subsequent to the first day of January, 1901, the claimants of the Dog Nest filed an amended and an additional location certificate on their claim. Under this location they contended that the overlapping territory embraced within the boundaries of the Quaking Asp was duly and legally located and appropriated as a part and parcel of the Dog Nest lode. On the trial it was stipulated that the only issue between the parties was the performance of the annual assessment work on the Quaking Asp for the years 1899 and 1900. The testimony was conflicting on these questions of fact, but at the conclusion of the trial the court ruled that the filing of the amended and additional location certificate on the Dog Nest was of no avail unless it appeared that the original discovery and location of that claim was on unappropriated public domain. The jury returned a verdict in favor of the plaintiffs, and defendants appeal.

Messrs. GRAHAM & CAMPBELL and Messrs. TEMPLE & CRUMP, for appellants.

Mr. Chas. J. Perkins and Mr. E. C. Stimson, for appellees.

Chief Justice Gabbert delivered the opinion of the court.

According to the verdict the annual labor for 1899 on the Quaking Asp had been performed. It was, therefore, a valid, subsisting location, when title to the premises in controversy was sought to be initiated by the claimants of the Dog Nest. A location based upon a discovery within the limits of an existing and valid location is void.—*Lebanon M. Co. v. Con. Rep. M. Co.,* 6 Colo. 371; *Kirk v. Meldrum,* 28 Colo. 453; *Michaël v. Mills,* 22 Colo. 439; *Belk v. Meacher,* 104 U. S. 279; *Moyle v. Bullene,* 7 Colo. App. 308; *Reynolds v. Pascoe,* 66 Pac. (Utah) 1064; Lindley on Mines (2d ed.), § 337; *Toulumne Cons. M. Co. v. Maier,* 134 Cal. 583; *Little Pittsburgh Cons. M. Co. v. Amie M. Co.,* 17 Fed. 57.

The statute in question provides, in substance, that if the locator of a mining claim shall apprehend that his original certificate of location was defective or erroneous, or that the requirements of the law in making a location had not been complied with, or in case he desires to change the surface boundaries of his claim, or take in any part of an overlapping claim, which has been abandoned, that he may file an additional certificate. Its evident purpose was to permit the locator to cure errors and defects, or supply omissions, so that a location which was merely defective might be rendered perfect, and also take in territory embraced in abandoned overlapping claims, if so desired. It cannot avail, however, except it appears that there has been an original location which is valid, though imperfect.—*Strepey v. Stark,* 7 Colo. 614. In other words, there must be some rights in the locator filing such certificate to

the ground which it purports to include; otherwise, it is of no effect.

The original location of the Dog Nest was a nullity. Not an act had been performed by the claimants of that location which gave them the slightest right to the ground in controversy. There were no errors or defects to cure, or omissions to supply, in order to perfect it; no rights in the premises to which the amended location certificate could attach or to which it could relate. The case is entirely different from *Johnson v. Young*, 18 Colo. 625. In that case the original location was valid, because the discovery upon which it was based was upon ground subject to appropriation, and it was held that the filing of an amended certificate perfected the title to the parts of the claim overlapping a prior location abandoned before the amended certificate was filed.

The judgment of the district court is affirmed.

*Affirmed.*

JUSTICES GODDARD and BAILEY concur.