[No. 4538.]

THE SIERRA BLANCA MINING AND REDUCTION COMPANY
v. WINCHELL.

1. **Mines and Mining—Location Notice—Subsequent Location.**
    Notice of the location of a mining claim properly made and posted upon a valid discovery of mineral is an appropriation of the territory therein specified for the period of sixty days, and a subsequent location made within the boundaries as specified in such notice and made within sixty days from the date such notice was posted is invalid, and this invalidity would not be cured by a failure of the claimant of the former location to perform the necessary discovery work.

2. **Same—Adverse Suit—Instructions.**
    In an adverse suit where the evidence tended to show that defendant's location was made within sixty days after plaintiff had posted notice of his location upon a valid discovery, and

was made within the boundaries as specified in plaintiff's location, it was error to refuse to instruct the jury that if plaintiff had discovered mineral and had posted notice of discovery, and defendant based his claim upon a discovery and location within the territory specified in plaintiff's notice made within sixty days from the time plaintiff's notce was posted, then defendant's locaton was invalid, whether plaintiff had performed the necessary discovery work or not.

*Appeal from the District Court of Costilla County:*
*Hon. Charles C. Holbrook, Judge.*

Action by appellant (as plaintiff), owner of the Jessie Mac and Keystone lode mining claims, in support of an adverse against the application of appellee (as defendant) for patent to the Cripple Creek lode mining claim. Judgment for defendant. Plaintiff appeals.

Messrs. Hall, Babbitt & Thayer, for appellant.

Messrs. Patterson, Richardson & Hawkins, for appellee.

Chief Justice Gabbert delivered the opinion of the court.

During the progress of the trial the parties stipulated that the conflict between the Keystone and Cripple Creek lodes should follow the result of the contention between the Jessie Mac and the Cripple Creek, and that no testimony need be given as to the Keystone conflict with the Cripple Creek lode. The controversy is thus narrowed to a determination of the rights of the parties in the conflict between the Jessie Mac and Cripple Creek. The judgment must be reversed, because of the refusal to give an instruction requested by plaintiff. This instruction was to the effect that if it appeared from the testimony that the locators of the Jessie Mac discovered mineral and posted notice of discovery, and that the location of

the Cripple Creek was based upon a discovery and location within the ground claimed by the Jessie Mac according to its notice of discovery, made within sixty days from the date such notice was posted, that then the location of the Cripple Creek lode was invalid.

This was an important question, and no instruction was given which fully and clearly called the attention of the jury to this point. There was testimony on the part of the plaintiff (which does not appear to have been contradicted) to the effect that the discovery notice of the Jessie Mac was posted on the 30th day of June, 1899. The testimony on behalf of the defendant was to the effect that the discovery notice of the Cripple Creek was posted on August 28 following. The ground claimed by the latter was within the boundaries of the Jessie Mac, as indicated by the notice of discovery thereon. According to the stipulation of the parties mineral in place was discovered in what was claimed to be the respective discovery cuts of the two claims. The other acts necessary to perfect a mineral location were contested, especially the sufficiency of the discovery work on the Jessie Mac lode. Whether or not, however, this work was performed was not controlling. If the discovery and location of the Cripple Creek was within the boundaries of the Jessie Mac, as evidenced by its discovery notice, and such discovery and location was made within sixty days of the date the Jessie Mac notice of discovery was posted, then the Cripple Creek location was invalid, and this invalidity would not be cured by the failure of the claimant of the Jessie Mac to perform the necessary discovery work.

A location based upon a discovery within the limits of an existing and valid location is void.— *Sullivan v. Sharp,* 33 Colo. 346. A location notice properly made and posted upon a valid discovery

of mineral is an appropriation of the territory therein specified for the period of sixty days. During this period no one can initiate title thereto which would be rendered valid by the mere failure of the first appropriator to perform the necessary discovery work within the time prescribed by law.—*Omar v. Soper*, 11 Colo. 380.    *Judgment reversed.*

Mr. JUSTICE GODDARD and Mr. JUSTICE BAILEY concur.