No. 14,891.

SACKVILLE *v.* MANN ET AL.
(135 P. [2d] 1014)

Decided March 29, 1943.

Mr. ERNEST LEE WILLIAMS, for plaintiff in error.

No appearance for defendants in error.

*En Banc.*

Mr. Justice Goudy delivered the opinion of the court.

This action, instituted in the district court of Gilpin county, is one in adverse as to an application for patent on a mining claim in said county, filed in the United States Land Office at Denver by plaintiff in error, defendant below. Defendants in error were plaintiffs in the trial court, and we will hereinafter refer to the parties as they there appeared. The findings and judgment were in favor of plaintiffs.

October 15, 1924, plaintiff James Mann and one O. M. Davenport attempted to locate a mining claim known as the East Extension Independence Lode, which was described in the location certificate as: "Beginning at the southeast corner of the Independence Lode U. S. 939, thence east 1500 feet, thence south 600 feet, thence west 1500 feet, thence north 600 feet to the place of beginning."

July 13, 1936, defendant located the Starlight Extension, and May 29, 1937, made an amended location thereof, certificate of which was filed for record in the office of the county clerk of said county June 8, 1937, this mining claim being described as follows: "Beginning at Corner No. 1, being the N. E. Corner whence the N. $\frac{1}{4}$ Corner Section 26, Township 2 S., R. 73 W. 6th P.M., bears N. 21° 33′ W. 929.8 feet, thence from Corner No. 1 S. 19° 38′ W. 600 feet to Corner No. 2, thence N. 70° 22′ W. 750 feet, S. side center stake, 1500 feet to Corner No. 3 [which is a point south 84° 47′ west 402 feet from Corner No. 2, of Independence U.S. Survey No. 939, being the southeast corner thereof], thence N. 19° 38′ E. 600 feet to Corner No. 4, thence S. 70° 22′ E. 750 feet, N. side center stake, 1500 feet to Corner No. 1, place of beginning."

November 19, 1937, plaintiffs James Mann and Willam Anfang filed for record in the office of the county

clerk of said county a relocation certificate, claiming as of July 1, 1937, a relocation of the East Independence Extension Lode, described as: "Beginning at N.W. Corner No. 1 is a tree south 20° west 150 ft. from Mineral Survey 939, Corner No. 2, thence 600 ft. N. 20° E. to Corner No. 2, a 6 inch pine tree, thence S. 70° E. 750 ft. to center stake No. 3, thence S. 70° E. 750 ft. to Corner No. 4, thence S. 20° W. 600 ft. to Corner No. 5, thence N. 70° W. 750 ft. to center stake No. 6, thence N. 70° W. 750 ft. to Corner No. 1, the place of beginning."

This relocation certificate purports to be an amended location certificate of the property, the East Extension Independence Lode, located October 15, 1924, by Mann and Davenport, although the relocation certificate gives the name of the claim as East Independence Extension Lode, and the claimants as Mann and Anfang. There is no evidence of any transfer of title from Davenport to Mann or to Anfang. It is clear, from the evidence, that the claimed discovery shaft of the original East Extension Independence Lode was outside of the boundaries of said claim as described in the original location certificate, and the relocation, if a valid one, had the effect of swinging the location about 450 feet northeasterly and to a position where the original discovery shaft is within the boundaries of the amended location. This amended location conflicts with the east 1100 feet of the Starlight Extension.

The right to so relocate is claimed by plaintiffs under the provisions of section 182, chapter 110, '35 C.S.A., which, inter alia, provides: "If at any time the locator of any mining claim heretofore or hereafter located, or his assigns, shall apprehend that his original certificate was defective, erroneous, or that the requirements of the law had not been complied with before filing, or shall be desirous of changing his surface boundaries, or of taking in any part of an overlapping claim which has been abandoned, * * * such locator, or his assigns, may file an additional certificate, subject to the provisions of

this law; provided, that such relocation does not interfere with the existing rights of others at the time of such relocation, * * *."

■ ■ It appears in the instant case that the rights of defendant had intervened by his location of the Starlight Extension, and, for reasons hereinafter set forth, we hold the original location void, and that such void location could not be cured and made valid by filing an additional or amended location certificate under the above section. See, *Sullivan v. Sharp*, 33 Colo. 346, 80 Pac. 1054. An "additional certificate" must be based upon an original certificate and relate back to the first location. *Hallack v. Traber*, 23 Colo. 14, 46 Pac. 110.

There is considerable evidence in this record concerning the claimed annual assessments performed by plaintiffs upon a claim known as the Whiteside, the original location of which also was changed by an amended location, and which now lies southeast of the East Independence Extension Lode, as relocated, and is a contiguous claim thereto, with common end lines.

However, in view of our conclusion, hereinafter expressed, of the validity of the relocation of the East Extension Independence Lode, the question of whether or not annual labor was performed upon the Whiteside which was of benefit to both the Whiteside and the East Extension Independence Lode, or, as relocated, the East Independence Extension Lode, is immaterial, and will not be further noticed.

■ In the opinion of the trial court it is stated: "The plaintiffs intended to have the description include the discovery shaft, and for this reason we deem it immaterial whether, as a matter of fact, the discovery shaft was within the original location or just outside of it." This conclusion of the court was erroneous, because, to be valid, the location of a mining claim on the unoccupied public domain must have its discovery shaft within the limits of the claim. 40 C.J., p. 788, §183; *Gwillim v. Donnellan*, 115 U.S. 45, 29 L. Ed. 348; *McGinnis v.*

*Egbert,* 8 Colo. 41, 54, 5 Pac. 652; *Armstrong v. Lower,* 6 Colo. 393; *Miller v. Girard,* 3 Colo. App. 278, 33 Pac. 69; Lindley on Mines (2d ed.), vol. 1, §345.

The learned trial judge also found: "It is also immaterial whether there were corner stakes that can be found at the present time placed on the claim. The plaintiffs were in the open and notorious possession of the property all the time and this was known to the defendants when they attempted to make another location. The plaintiffs made an amendment to their original location which covered the discovery shaft and the various development work which plaintiffs had made upon the Independence vein. If this amendment is valid, then the question of corner posts, discovery shaft, and the place of beginning of the description is immaterial."

Swinging mining locations so as to conflict with those of other locators is an evil which always has been frowned upon, and a locator must maintain his location monuments so as to give notice of the ground appropriated, and so that he cannot claim ground other than that described in his recorded location certificate as against a subsequent locator. *Pollard v. Shively,* 5 Colo. 309.

The trial court failed to make definite findings of fact as to whether or not plaintiff's discovery shaft was outside the original location, but the evidence, as disclosed by the record, leaves no doubt that this was the fact; therefore the original location known as the East Extension Independence Lode was an invalid one, and could not be cured by swinging the claim by the amended location so as to cover the discovery shaft, because the rights of defendant under the Starlight Extension, which is a valid location, had intervened. There is much confusion in the evidence as to the name of the original and relocated claims, the original being referred to as the East Extension Independence Lode, and the relocation as the East Independence Extension Lode, and some question might arise as to whether a relocation certificate is notice to other locators of an original claim under

a different, although similar, name; however, this question is not important here.

On this review defendant has filed an abstract of the record and brief, but there is no appearance or brief filed on behalf of plaintiffs. However, we have carefully reviewed the record, so as to leave no chance of plaintiffs being injured through such failure.

The judgment is reversed and the cause remanded with instructions to enter judgment in favor of defendant.