No. 14925

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

THE ANACONDA COMPANY,
a corporation,

Plaintiff and Respondent,

vs.

MORTON K. WHITTAKER,

Defendant and Appellant.

---

Appeal from: District Court of the Sixth Judicial District,
Honorable Jack D. Shanstrom, Judge presiding.

Counsel of Record:

For Appellant:

Alexander and Baucus, Great Falls, Montana

For Respondent:

Anderson, Brown, Gerbase, Cebull and Jones, Billings,
Montana
P. J. Brophy, Denver, Colorado

---

Submitted on briefs: April 3, 1980

Decided: MAY 12 1980

Filed: MAY 12 1980

*Thomas J. Kearney*
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

This is an action involving the conflicting mining claims of Morton K. Whittaker and the Anaconda Company. Whittaker appeals from a judgment entered in the District Court, Sixth Judicial District, Sweet Grass County, in favor of Anaconda. Under the judgment, Anaconda is entitled to the possession and enjoyment of the area covered by its Eve 62 and Eve 69 mining claims which conflict with Whittaker's Pine mining claim. Whittaker also appeals from a denial of his motion for a judgment notwithstanding the verdict.

Whittaker located the Pine claim on October 1, 1950. Anaconda, on the other hand, is a successor in interest to the Eve 62 and Eve 69 claims which were located on June 10, 1968, by R. Davidson Piper. Piper was employed by Anaconda to supervise engineering crews in locating and staking approximately 79 mining claims generally known as the Eve group claims. These claims were located in an area about four to five miles in length beginning on the Boulder River and moving up the slope of Chrome Mountain. Piper signed the certificates of location for Eve 62 and Eve 69 verifying he was the locator of the two mining claims and had complied with the legal requirements for locating and recording mining claims. Section 50-701, et seq., R.C.M. 1947. Piper's certificates were based upon information provided to him by the engineers and geologists of Anaconda. Under an agreement with Anaconda, Piper was to transfer to Anaconda any mining claim Piper located in Montana.

In June 1976, Whittaker applied to the Bureau of Land Management for a patent to the Pine claim. Anaconda filed an adverse claim with that agency and brought this cause to determine

-2-

its right of possession to the area covered by its Eve 62 and Eve 69 mining claims.

The jury trial of this cause began on February 26, 1979. Following Anaconda's case-in-chief, Whittaker moved for a directed verdict on the grounds that Anaconda had failed to establish a valid mining location for Eve 62 and Eve 69 and therefore, lacked standing to challenge Whittaker's patent application. The motion was taken under advisement, and Whittaker was required to present evidence regarding the validity of the Pine claim.

The cause was submitted to the jury on special interrogatories, and the jury returned a verdict in favor of Anaconda. Under the verdict, the jury found Whittaker had not abandoned the Pine claim but had subjected the claim to forfeiture. The jury further found that Whittaker had in fact forfeited the Pine claim when Anaconda validly located the Eve 62 and Eve 69 claims in 1968. Accordingly, judgment was entered in favor of Anaconda.

Whittaker moved for a judgment notwithstanding the verdict, alleging the same grounds as were alleged for his motion for a directed verdict. The District Court did not rule on the motion, resulting in the motion being deemed denied. Rules 50(b) and 59(d), M.R.Civ.P. Whittaker now appeals.

The sole issue upon appeal is whether sufficient evidence supports the jury's verdict that Anaconda validly located the Eve 62 and Eve 69 mining claims. Having carefully examined the briefs of the parties and the record in this cause, we hold there is insufficient evidence to support the jury verdict.

At the outset, we note that the validity of mining locations must be judged by the law in effect at the time of the attempted location. Therefore, we judge the validity of Anaconda's attempts to locate its Eve 62 and Eve 69 mining claims under section 50-701, R.C.M. 1947, as it existed prior to the 1971 amendments.

-3-

Our function in reviewing the issue presented is to determine whether substantial credible evidence in the record supports the jury's verdict. We must view the evidence in a light most favorable to Anaconda, the prevailing party below, and where the record presents conflicting evidence, resolved by the jury, this Court is precluded from disturbing the verdict. Strong v. Williams (1969), 154 Mont. 65, 68-69, 460 P.2d 90, 92. Here, however, there is insufficient evidence to support the jury's findings that Anaconda validly (1) discovered a vein, lode, or ledge of rock in place bearing valuable mineral deposits or (2) posted a notice of location at the point of discovery. Accordingly, the judgment entered by the District Court must be reversed. Section 50-701, R.C.M. 1947.

An attempted location of a mining claim fails unless there is substantial compliance with the statutory requirements. Ferris v. McNally (1912), 45 Mont. 20, 25, 121 P. 889, 892. Moreover, the acts required by the statute are independent of each other, and all must be performed before a valid location exists. The last act to be performed does not relate back to the first act performed. Thornton v. Kaufman (1910), 40 Mont. 282, 286, 106 P. 361, 362.

The actual discovery of a vein, lode, or ledge of rock in place bearing a valuable mineral deposit is a condition precedent to a grant from the government to the exclusive possession and enjoyment of the ground located. Upton v. Larkin (1885), 5 Mont. 600, 603, 6 P. 66, 68. There is insufficient evidence in the record to support a finding that such an actual discovery was made on the Eve 62 and Eve 69 claims. Richard N. Miller, Anaconda's project geologist for the Stillwater complex, testified that in his opinion the legal requirements for a valid discovery had been met. However, on cross-examination, Miller admitted that no one, to his

knowledge, had actually found minerals in place on the Eve 62 and Eve 69 claims. The testimony of the other Anaconda witnesses was to the same effect.

According to Anaconda, the type of discovery necessary in a controversy between rival locators has been treated much more liberally than that required in a controversy involving the federal government, and therefore, an attempted discovery based on geological studies for potential mineralization is valid. The liberality, however, which exists in a contest between rival claimants is in the consideration and application of the evidence admitted at trial and does not involve a liberal construction of the statutory requirements. 1 American Law Of Mining, §4.46, at 650-51.

There also is not sufficient evidence in the record to support the jury's finding that Anaconda posted a notice of location at the point of discovery on the Eve 62 and Eve 69 claims. Butte Northern Copper Co. v. Radmilovich (1909), 39 Mont. 157, 163, 101 P. 1078, 1080. Granted, it may often times be impossible to post notice squarely on the point of discovery. Yet, the record here shows that notice was not posted near any discovery point. Dean E. Yongue, the surveyor who staked out the Eve group claims, testified regarding the method used to stake out those claims. According to Yongue, a U.S. geological map was used to stake out the corners of each claim, and once this was accomplished, previously prepared notices of location were then posted in the center of each claim, generally 50 feet from one end line and 300 feet from the corners. Yongue testified further that he never saw any mineralization at the point where the notice of location was posted. The testimony of Anaconda's other witnesses was to the same effect.

Having found no evidence whatsoever in the record to support the jury's findings that Anaconda validly (1) discovered a vein,

-5-

lode or ledge of rock in place bearing a valuable mineral deposit or (2) posted a notice of location at or near the point of discovery, the judgment of the District Court is reversed. The cause is remanded to the District Court with directions to vacate the judgment entered in favor of Anaconda.

_____
                    Justice

We Concur:

_____
        Chief Justice

_____

_____

_____
        Justices