No. 82-412

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

SAMUEL J. BOSCARINO and HAZEL BOSCARINO,

Plaintiffs and Respondents,

-vs-

RAY N. GIBSON, ARTHUR E. BAILEY, et al.,

Defendants and Appellants.

APPEAL FROM: District Court of the Third Judicial District,
In and for the County of Granite,
The Honorable Robert J. Boyd, Judge presiding.

COUNSEL FOR RECORD:

For Appellants:

Tipp, Hoven, Skjelset & Frizzell; Thomas Frizzell
argued, Missoula, Montana

For Respondents:

Mulroney, Delaney & Dalby; Stephen H. Dalby argued,
Missoula, Montana

Submitted: September 19, 1983

Decided: December 7, 1983

Filed: DEC 7 1983

*Ethel M. Harrison*

—————————————————————
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Ray Gibson, et al. appeal from a decision of the District Court of the Third Judicial District, Granite County, in favor of the Boscarinos. Findings, conclusions and judgment were filed on April 14, 1982, which declared Boscarino's mining claim valid as against Ray Gibson and his co-locators. In addition, Lee Morin was permanently enjoined from performing work upon the mining claim known as the Reynolds City Placer Mining Claim. After the District Court denied the defendants' motion to amend the findings, conclusions and judgment, they filed a notice of appeal on July 6, 1982.

We affirm the District Court judgment.

This case involves an area of public land located in the Garnet Mining District, situated in both Granite and Powell County. Federal statutes allow any person to enter and explore public lands for minerals. 30 U.S.C. §§ 22, 26. The act of exploration gives the explorer a right to possession of the exploration area, whereas compliance with the federal and state statutes, including discovery of a valuable mineral deposit, is necessary for a locator to enjoy a right to exclusive possession of a claim. Cole v. Ralph (1920), 252 U.S. 286, 40 S.Ct. 321, 64 L.Ed. 567; 30 U.S.C. § 26; Davis v. Nelson (9th cir. 1964), 329 F.2d 840; Anaconda Co. v. Whittaker (Mont. 1980), 610 P.2d 1177, 37 St.Rep. 902.

The law at the time of the attempted location controls in a determination of whether a mineral location was valid. Anaconda Co. v. Whittaker, supra. Therefore, Boscarino's claim must be reviewed according to 1968 law. Section 50-701, R.C.M. 1947, states that:

- 2 -

"Any person who discovers upon the public domain of the United States, within the state of Montana, a vein, lode, or ledge of rock in place, bearing gold, silver, cinnabar, lead, tin, copper, or other valuable deposits, or a placer deposit of gold, or other deposit of minerals having a commercial value which is subject to entry and patent under the mining laws of the United States, may, if qualified by the laws of the United States, locate a mining claim upon such vein, lode, ledge, or deposit in the following manner. . ."

The statute goes on to describe how to post and mark the location. A certificate of the location is required and when verified "is prima facie evidence of all facts properly recited therein." Section 50-702, R.C.M. 1947.

In 1968, Ray Austin and Dennis O'Laughlin filed a certificate of location in Granite County for an unpatented placer mineral location, which they named the Reynolds City Placer Mining Claim. The boundaries of the claim formed a rectangle which lay across the Granite County-Powell County border. The four corners of the claim were marked by three blazed trees and a post which was painted yellow and steadied by a mound of rocks at its base. A notice of location was posted near the point of discovery. There were blazed trees between each of the marked four corners.

Austin and O'Laughlin were unaware that part of the claim lay in Powell County; thus they originally filed their certificate only in Granite County. They were also unaware that the claim constituted approximately 31 acres of land rather than the 20 stated in the certificate. O'Laughlin and Austin made their discovery of gold by using a backhoe. In the years from 1968 until the time they sold the claims to Sam and Hazel Boscarino, O'Laughlin and Austin filed affidavits of annual representation on the claims, as required by section 82-2-103, MCA (formerly section 50-704,

- 3 -

R.C.M. 1947). Following the sale, Boscarino filed such affidavits.

In June 1973, O'Laughlin found out that a portion of the claim was located in Powell County and filed a certificate of location in that county, on June 25, 1973, similar to the one filed in Granite County.

On June 18, 1973, just a week prior, Gibson had filed a certificate of location in Powell County for a placer mining claim called the Reynolds City Off Day Gulch. The Gibson claim overlapped at least a portion of Boscarino's claim in Powell County. When this certificate was filed, Gibson knew of Boscarino's claim and that his certificate was not filed in Powell County. Gibson filed additional certificates of location in 1974, 1975 and 1979.

In 1980, Lee Morin located two claims (Faith No. 2, a placer and lode claim and Faith No. 14, a lode claim), both of which overlapped Powell County land described in Boscarino's certificate of location. Morin was digging holes and test pits in an effort to explore for barite, which samples showed was present.

On October 15, 1980, Boscarino filed a complaint in the District Court requesting that Morin be restrained and enjoined from entering upon or working the claims located on Boscarino's claim. The complaint also asked the District Court to determine the rights of the parties involved (including Gibson, et al.) and to find the Boscarinos owners of the real property on which their claims were filed. Finally, Boscarino asked for $50,000 for slander of title.

After a trial, the District Court adopted, for the most part, the findings of fact and conclusions of law submitted by Boscarino. The court concluded that the mining claim

filed in 1968 and 1973 by Austin and O'Laughlin was a "validly located, recorded and existing placer mining claim under the laws of the State of Montana." The District Court concluded that the Gibson claim, on the other hand, was made "other than in good faith and with notice that the Plaintiffs had validly located, marked and recorded . . ." their claim. The Gibson claim was declared void, as it violated the 80-acre limitation set in 30 U.S.C. §§ 35, 36 and as it was "not properly located on the ground so that its boundaries could be readily traced and contained no reference to a natural object or permanent monument as would identify the claim," in violation of sections 82-2-101 and 102, MCA. The subsequent certificates of locations filed by Gibson were also declared void as violative of federal and state law.

The certificate of locations filed for Faith No. 2 and Faith No. 14 by Lee Morin were declared void because, inter alia, Morin had "actual and constructive notice" of Boscarino's claim, as it existed in both Granite and Powell Counties.

Based on the foregoing conclusions, the District Court declared that Boscarino owned a valid placer mining claim, located in both Granite and Powell Counties. The court also permanently enjoined and restrained Morin from engaging in or performing any work upon the Boscarinos' claim.

The appellants raise two issues on appeal: (1) Did Boscarino have a right to exclusive possession of his unpatented mining claim; and (2) Did Morin have a right to be protected from forcible eviction by court order?

The first issue arises from Gibson's contention that at the time of Gibson's exploration and location of the Reynolds City Off Day Gulch claim Boscarino had no right to exclusive

possession of the land. Boscarino allegedly had not made a discovery of gold sufficient to perfect his title to the claim and therefore had only constructive possession provided by the certificate of location filed in Granite County.

It is well-established that for a location of a mining claim on public property to be valid there must have been a discovery of a valuable mineral. Cole v. Ralph (1920), 252 U.S. 286, 40 S.Ct. 321, 64 L.Ed. 567; Belk v. Meagher (1881), 104 U.S. 279, ___ S.Ct. ___, 26 L.Ed. 735; Davis v. Nelson (9th cir. 1964), 329 F.2d 840; 30 U.S.C.A. § 23; Anaconda Co. v. Whittaker (Mont. 1980), 610 P.2d 1177, 37 St.Rep. 902; Ferris v. McNally (1912), 45 Mont. 20, 121 P. 889; Upton v. Larkin (1885), 5 Mont. 600, 6 P. 66.

> "Until discovery is made, no right of possession to any definite portion of the public mineral lands can even be initiated. Until that is done, the prospector's rights are confined to the ground in his actual possession, and until that possession is disturbed no right of action accrues, and even then no injunction would issue to restrain a mere trespass--certainly not in the absence of some showing of irreparable injury or the insolvency of the trespasser." Gemmel v. Swain (1903), 28 Mont. 331, 335, 72 P. 662.

Between rival claimants the test of what constitutes a sufficient discovery has become that of a "prudent man." The prudent man rule was discussed in Chrisman v. Miller (1905), 197 U.S. 313, 322-3, 25 S.Ct. 468, 470-71, 49 L.Ed. 770, 773-74:

> "'Where minerals have been found and the evidence is of such a character that a person of ordinary prudence would be justified in the further expenditure of his labor and means, with a reasonable prospect of success, in developing a valuable mine, the requirements of the statute have been met. To hold otherwise would tend to make of little avail, if not entirely nugatory, that provision of the law whereby "all valuable mineral deposits in lands belonging to the United States . . . are . . . declared to be free and open to exploration and purchase."' (Quoting Castle v. Womble (1894), 19 L.D. 455, 457.)

". . .

"It is true that when the controversy is between two mineral claimants the rule respecting the sufficiency of a discovery of mineral is more liberal than when it is between a mineral claimant and one seeking to make an agricultural entry, for the reason that where land is sought to be taken out of the category of agricultural lands the evidence of its mineral character should be reasonably clear, while in respect to mineral lands, in a controversy between claimants, the question is simply which is entitled to priority. That, it is true, is the case before us. But even in such a case, as shown by the authorities we have cited, there must be such a discovery of mineral as gives reasonable evidence of the fact either that there is a vein or lode carrying the precious mineral, or if it be claimed as placer ground that it is valuable for such mining."

and Murray v. White (1910), 42 Mont. 423, 433-4, 113 P. 754, 756:

"Neither the federal nor state statutes require that, to constitute a placer, the ground shall yield any specific quantity of precious metals. Neither is it required that the deposits of mineral shall be sufficiently extensive to pay operating expenses in order to locate and maintain a valid placer claim.

"It has long been the settled rule that to constitute a discovery, within the meaning of that term as used in mining law, it is sufficient that precious metals be found in the ground in quantity which justifies the locator in spending his time and money in prosecuting development work with the reasonable hope or expectation of finding mineral in payment quantities. Harrington v. Chambers, 3 Utah, 94, 1 Pac. 362; Book v. Justice Mining Co., (C. C.) 58 Fed. 106; Nevada Sierra Oil Co. v. Home Oil Co., (C. C.) 98 Fed. 676, 27 Cyc. 556; Snyder on Mines, §§ 349, 360; Shreve v. Copper Bell M. Co., 11 Mont. 309, 28 Pac. 315; McShane v. Kenkle, 18 Mont. 208, 44 Pac. 979, 33 L. R. A. 851, 56 Am. St. Rep. 577; Noyes v. Clifford, 37 Mont. 138, 94 Pac. 842."

The question of whether Boscarino made a discovery sufficient to make valid his location is for the trier of fact. Ferris v. McNally (1912), 45 Mont. 20, 121 P. 889; Lange v. Robinson (9th cir. 1906), 148 F. 799.

- 7 -

The District Court in this case concluded that the claim made by O'Laughlin and Austin (Boscarino's predecessors in interest) was a "validly located, recorded and existing placer mining claim under the laws of the State of Montana." It is undisputed that this Court's function is limited to determining whether the District Court's findings and conclusions were supported by substantial evidence. The test remains the same where proposed findings are adopted wholesale by the District Court, even though this Court has disapproved of such adoption. Sawyer-Adecor International v. Anglin (Mont. 1982), 646 P.2d 1194, 39 St.Rep. 1118. Viewing the evidence in a light most favorable to Boscarino, there is ample support for the District Court's finding of a valid location. It is undisputed that a discovery of gold was made by Austin and O'Laughlin.

As to his discovery, O'Laughlin testified as follows:

"Q. What kind of work did you do? A. I went up there with my backhoe and dug trenches and prospected it.

"Q. Did you at any time actively work the claim for profit? A. Well, not very much.

"Q. By that you mean a little bit? A. Yeah, I never could find too much.

"Q. On one occasion did you find something that was worth pursuing? A. Well, I figured it was.

"Q. Did you leave that area open? A. Well, yes, and I hauled up sluice boxes and put them in there.

"Q. And then you worked it with a sluice box? A. Yes."

The annual representation reports filed by O'Laughlin, Austin, and Boscarino list roadbuilding, road improvements, digging, and testing as work done over the years on the land. It is also relevant that O'Laughlin is an experienced miner

and that the claim is located in an area where mining had historically occurred and was currently occurring.

Once a valid location is made, the holder has an exclusive right of possession which is "subject to sale and other forms of disposal . . ." Cole v. Ralph (1920), 252 U.S. 286, 295. Thus, a valid location by Austin and O'Laughlin gave them an interest transferable and enforceable by Boscarino.

Resolution of the first issue in favor of Boscarino dictates the outcome of the second issue. Morin contends that because Boscarino was not in actual possession of the land, the doctrine of pedis possessio, which gives a right to possession of the area of actual exploration, provided Morin protection against ouster.

Morin seeks to have the injunction granted by the District Court declared improper.

Morin is precluded from asserting a pedis possessio right of possession given Boscarino's valid location. As the claims made by Morin were on the land included in the area to which Boscarino had exclusive possession, Morin was precluded from entering on the land to make an adverse claim. The District Court was correct in granting the injunction.

The District Court judgment is affirmed.

_John C. Sheehy_
Justice

We Concur:

_Frank J. Haswell_
Chief Justice

_____
John Conway Harrison

_____

_____
L. C. Gulbrandson

_____
Daniel J. Shea
Justices

_____
Hon. Thomas A. Olson,
District Judge, Sitting
for Mr. Justice Frank B.
Morrison, Jr.