JUSTICE WARNER
delivered the Opinion of the Court.
¶1 The Estate of Henry Todd Marson (‘Estate”) appeals from an Order entered on October 11, 2002, in the First Judicial District, Broadwater County, granting summary judgment in favor of Susan Collins (‘Collins”) and dismissing Plaintiff s complaint. We reverse and remand for further proceedings.
¶2 We restate the issue on appeal as follows:
¶3 Did the District Court err in granting summary judgment to Collins as a putative spouse when the Estate did not have a full and fair opportunity to address the application of the putative spouse statute, §40-1-404, MCA?
¶4 As we remand for further proceedings it is unnecessary and premature to decide whether Collins is entitled to a share of the Estate as a putative spouse under §40-1-404, MCA.
¶5 On December 28,1987, Henry Todd Marson (‘Marson”) and Susan Collins executed a handwritten declaration of common law marriage. Thereafter, in February of 1999, Collins filed a petition for dissolution of Marriage. In November of 1999, during the course of the dissolution proceeding, an affidavit signed by a woman named Linda Lundgren was filed with the court, in which Lundgren claimed she had entered into a common law marriage with Marson prior to his relationship with Collins. Lundgren further stated in such affidavit that her marriage to Marson had never been dissolved. It is undisputed that Collins had no knowledge of the alleged prior relationship before November of 1999. The dissolution proceedings were later dismissed. There has been no determination as to the validity of the alleged prior marriage between Marson and Lundgren.
¶6 Marson died testate on September 24,2001, leaving nothing in his will to Collins. On February 1, 2002, Collins filed a claim against Marson’s Estate, in the First Judicial District Court, in Broadwater County. Collins claimed that Marson had committed fraud in telling *350 Collins that he was divorced from Lundgren. She stated that she relied upon this statement, to her detriment, in entering into the common law marriage agreement with Marson, and was thus entitled to all benefits implied by such agreement under Montana law, including her elective spousal share of the augmented estate, her homestead and exempt property allowances.
¶7 The Estate moved for Partial Summary Judgment on April 22, 2002, on the grounds that Collins was not a surviving spouse. On June 7, 2002, the District Court heard arguments for Partial Summary Judgment in chambers, without a court reporter. During this hearing, Collins for the first time argued that she had rights as a putative spouse under §40-1-404, MCA. This argument had not been included in any prior briefing by the parties. Approximately four months later, on October 11, 2002, the District Court issued its Order and Opinion Granting Summary Judgment to Collins awarding her a portion of the estate as a putative spouse. The Estate appeals.
¶8 Summary judgment is proper only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. Our standard in reviewing a district court’s summary judgment ruling is de novo. Stanley L. and Carolyn M. Watkins Trust v. Lacosta, 2004 MT 144, ¶ 16, 321 Mont. 432, ¶ 16, 92 P.3d 620, ¶ 16.
¶9 Generally, no formal cross motion is necessary for a court to enter summary judgment in favor of the nonmoving party. Hereford v. Hereford (1979), 183 Mont. 104, 107, 598 P.2d 600, 602. However, it is critical that the court ensure the original movant had ‘full and fair opportunity to meet the proposition, that there is no genuine issue of material fact and the [nonmoving] party is entitled to judgement as a matter of law.” Hereford, 183 Mont. at 108, 598 P.2d at 602. The court, therefore, must afford the original movant with notice and an opportunity to be heard when it determines whether the case warrants judgment in favor of the nonmoving party. See Hereford, 183 Mont. at 108, 598 P.2d at 602. Further, the parties should be given an opportunity to present facts concerning the grounds upon which the district court granted summary judgment. See Hereford, 183 Mont. at 108, 598 P.2d at 602.
¶10 The Estate argues that it was not given a full and fair opportunity to meet Collins’ argument that she was a putative spouse under §40-1-404, MCA. The record here shows that Collins failed to raise the putative spouse issue prior to the day of summary judgment arguments. There is nothing in the record showing that the Estate had *351 the opportunity to brief and prepare an argument on such issue. The District Court did not later provide the Estate with any opportunity to muster and possibly raise factual issues regarding Collins’ claim that she was a putative spouse.
¶11 Opposing parties must be provided with an opportunity to present facts relevant to the summary judgment motion; this is implicit in Rule 56, M.R.Civ.P., because the district court must make a determination as to whether there are issues of material fact to be resolved. See Hereford, 183 Mont. at 107-108, 598 P.2d at 602. Here, the Estate’s opportunity to be heard consisted only of an unrecorded hearing in chambers where the Estate had no prior notice of the putative spouse argument, which subsequently became the reasoning used in granting summary judgment against the Estate.
¶12 It was error for the District Court to grant summary judgment in favor of Collins without first affording the Estate notice and a reasonable opportunity to be heard. Also, the Estate could wish to present issues of material fact, so as to render the putative spouse issue irrelevant and require the District Court to address alternative legal theories.
¶13 We remand to the District Court for further proceedings that provide each party a reasonable opportunity to develop facts and argument regarding all relevant issues, including those surrounding §40-1-404, MCA.
JUSTICES MORRIS, LEAPHART and NELSON concur.