DA 09-0455

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 65

MILL CREEK LIMITED PARTNERSHIP,

      Plaintiff and Appellant,

  v.

JAXON LODGE and DAN YOUNG,

      Defendants and Appellees.

APPEAL FROM:     District Court of the Twentieth Judicial District,
                    In and For the County of Lake, Cause No. DV 07-361
                    Honorable C.B. McNeil, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            David M. McLean and Christy S. McCann; Browning, Kaleczyc, Berry &
            Hoven, P.C.; Missoula, Montana

            Quentin M. Rhoades and Rob Erickson; Sullivan, Tabaracci & Rhoades;
            Missoula, Montana

      For Appellee Lodge:

            Reid J. Perkins and Sean Morris; Worden Thane P.C.; Missoula, Montana

      For Appellee Young:

            Brian Kohn, Attorney at Law, Billings, Montana

                               Submitted on Briefs: February 10, 2010
                                      Decided: March 30, 2010

Filed:

               _____
                               Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Mill Creek filed a motion for summary judgment, claiming it was undisputed that Jaxon Lodge and Dan Young (the Appellees) had breached the Buy-Sell Agreement by not making a good faith effort to obtain financing. Lodge filed a cross-motion for summary judgment, which Young later joined, arguing that Mill Creek had breached the Agreement by refusing to return the earnest money. The Twentieth Judicial District Court, Lake County, denied Mill Creek's summary judgment motion and granted the Appellees' cross-motion for summary judgment, dismissing all of Mill Creek's claims. Mill Creek appeals. We restate the issues as follows:

¶2 Issue 1: Did the District Court err in dismissing Mill Creek's fraud claims when it granted the Appellees' motion for summary judgment?

¶3 Issue 2: Did the District Court err when it terminated the Buy-Sell Agreement because the Appellees could not obtain financing?

¶4 Prior to its summary judgment ruling, the District Court set aside a default motion against Young, finding good cause existed to do so. Mill Creek appeals, raising the following issue:

¶5 Issue 3: Did the District Court err in granting Young's motion to set aside the default judgment?

## BACKGROUND

¶6 In September 2006, Mill Creek and the Appellees entered into a Buy-Sell Agreement for the purchase of a condominium in Lake County for $999,000. The Agreement provided that the Appellees would put $53,000 down in earnest money and obtain "conventional"

2

financing for the remaining $946,000. The Agreement included a financing contingency that provided if the Appellees were unable to obtain financing, the Agreement would be terminated and the earnest money would be refunded to the Appellees. Based on a credit check from a prior transaction, American Mortgage had pre-qualified the Appellees for a "jumbo" loan for $1,000,000 with 5% down. That the Appellees were pre-qualified for financing was noted in the Agreement. The Appellees put $53,000 earnest money in escrow and closing was scheduled for August 2007, after Mill Creek completed construction of the condominium.

¶7 Almost a year later in June 2007 after the Appellees completed their final loan applications, American Mortgage denied the loan for which they had pre-qualified the Appellees. Due to the economic downturn, American Mortgage had ceased issuing "jumbo" loans and had increased their income and credit score requirements for loan approval. American Mortgage offered that the Appellees could apply for a loan requiring 10% down, which they declined because they did not have an additional $50,000. On June 12, the Appellees notified Mill Creek they could not obtain the specified financing, terminated the Agreement, and requested the return of their $53,000 in earnest money. Mill Creek refused to refund the earnest money.

¶8 Mill Creek filed suit in December 2007, contending the Appellees: (1) breached the Agreement by failing to attempt in good faith to obtain financing; (2) committed fraud in the inducement and actual fraud by falsely representing their approved borrowing status; (3) committed constructive fraud; (4) breached the covenant of good faith and fair dealing; and

(5) actual malice.[1] Lodge filed an answer and counterclaim in February 2008, asserting breach of contract and the covenant of good faith and fair dealing and requested the return of the earnest money in escrow. However, Lodge failed to serve the counterclaim and the District Court dismissed the counterclaim without prejudice in March 2008.

¶9 In July 2008, the District Court entered a default judgment against Young for failure to respond to Mill Creek's second set of written discovery requests. However, the District Court set aside the default judgment in May 2009, because Young had, in fact, filed a notice of his discovery responses three weeks before the court entered the default judgment.

¶10 Mill Creek moved for summary judgment, asserting that the undisputed facts showed that the Appellees did not make reasonable efforts to obtain financing because they had declined to apply for the 10% down loan with American Mortgage. Thus, they had breached the contract. In a footnote to their motion and brief in support, Mill Creek clarified that its motion only pertained to its breach of contract claim.

¶11 The Appellees responded and filed a cross-motion for summary judgment, seeking dismissal of Mill Creek's case and a judgment in the amount of $53,000 for breach of contract. The Appellees asserted that obtaining conventional financing for 95% of the purchase price was a condition precedent to closing and, because they were unable to obtain the financing specified in the Agreement, the condition had not been met and no breach had occurred. They further argued summary judgment in their favor was appropriate because Mill Creek breached the contract by refusing to return the earnest money.

---

[1] Claims (2) through (5) are referred to as the "fraud claims."

¶12 After a hearing, the District Court denied Mill Creek's motion for summary judgment, granted the Appellees' cross-motion for summary judgment, and terminated the Agreement. The court concluded that the conventional financing specified in the Agreement was not reasonably available to the Appellees before the closing date because they did not have the additional $50,000 for the down payment on the 10% down loan, a fact not disputed by Mill Creek. It found that the Appellees had asserted a reasonable effort to secure conventional financing as was available to them at the time the parties executed the Agreement. The District Court entered summary judgment in favor of the Appellees on all claims in Mill Creek's complaint, including the fraud claims, because the court concluded that all of Mill Creek's claims were grounded upon the Agreement.

¶13 On appeal, Mill Creek contends that the District Court erred in dismissing its fraud claims because it did not have notice that the court was considering those claims on summary judgment. In the alternative, Mill Creek argues that a genuine issue of material fact existed regarding its fraud claims. Mill Creek also argues that the District Court erred in granting the Appellees' cross-motion for summary judgment because whether the Appellees made a good faith effort in obtaining financing is a factual question that was disputed. Finally, Mill Creek asserts the District Court erred in setting aside the default judgment against Young because he did not make his motion to set aside the default judgment under M. R. Civ. P. 60(b).

## STANDARD OF REVIEW

¶14 We review a district court's denial of motions for summary judgment de novo. *Tacke v. Energy West, Inc.*, 2010 MT 39, ¶ 16, 355 Mont. 243, ___ P.3d ___. Summary

5

judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M. R. Civ. P. 56(c).

¶15 We review a district court's conclusions of law to determine whether they are correct and its findings of fact to determine whether they are clearly erroneous. *JTL Group, Inc. v. New Outlook, LLP*, 2010 MT 1, ¶ 29, 355 Mont. 1, 223 P.3d 912.

## DISCUSSION

¶16 *Issue 1: Did the District Court err in dismissing Mill Creek's fraud claims when it granted the Appellees' motion for summary judgment?*

¶17 Mill Creek's argument regarding dismissal of its fraud claims is two-fold. It first claims that because neither it nor the Appellees requested the District Court to dismiss the fraud claims, the court dismissed them sua sponte and erred in denying Mill Creek the opportunity to be heard. Second, Mill Creek argues that material issues of fact exist regarding whether the Appellees committed fraud.

¶18 For any summary judgment motion, "opposing parties must be provided with an opportunity to present facts relevant to the summary judgment motion; this is implicit in Rule 56, M. R. Civ. P., because the district court must make a determination as to whether there are issues of material fact to be resolved." *In re Estate of Marson*, 2005 MT 222, ¶ 11, 328 Mont. 348, 120 P.3d 382. A court may grant summary judgment in the non-movant's favor in the absence of a formal cross-motion on a specific issue. However, the court must be very careful that the original movant had a full and fair opportunity to meet the

6

proposition, no genuine issue of material fact exists, and the other party is entitled to judgment as a matter of law. *Hereford v. Hereford*, 183 Mont. 104, 107-08, 598 P.2d 600, 602 (1979).

¶19    Mill Creek interprets these rules to mean that because the Appellees did not move for summary judgment on the fraud claims, the court erred when it dismissed Mill Creek's claims "sua sponte" without granting it an opportunity to be heard.   Mill Creek's interpretation is incorrect.  First, the Appellees did file a cross-motion for summary judgment in which they requested the dismissal of Mill Creek's "case."  Second, Mill Creek presented undisputed facts that belie its fraud claims.

¶20    In its complaint, Mill Creek alleged that the Appellees had fraudulently misrepresented that they had "made legitimate loan applications" and had suppressed "[t]he truth, that they were not qualified and that they had made no legitimate loan applications . . . ."  Mill Creek also alleged that Lodge had "obtained false or deceptive documentation indicating they [sic] had made applications to certain loan companies and were denied financing when he had knowledge that such action was fraudulent and untrue."

¶21    Mill Creek's "Undisputed Facts Material to the Motion" section in its summary judgment brief states: "On September 4, 2006, both Lodge and Young *completed loan applications . . . .*" (Emphasis added.)  Mill Creek's brief also provided, "Lodge and Young *applied for conventional financing* known as a super jumbo loan" and "American Mortgage . . . issued the approval letter on September 15, 2006 stating that Lodge and Young were '*approved for financing* through their office for the purchase of TBD [to be determined] for $1,000,000' which would be funded and closed with acceptance and approval of various

7

criteria." (Emphasis added.) To its brief, Mill Creek attached copies of the Appellees' loan applications, the deposition of Steven Tucker, the broker from American Mortgage who testified he had pre-approved the Appellees for financing, and Tucker's pre-qualification letter.

¶22 According to Mill Creek, it was undisputed that the Appellees had applied for loans and had been pre-qualified by American Mortgage. Mill Creek had and took the opportunity to present facts regarding its fraud claims, albeit facts that directly contradict its claims. Mill Creek cannot now argue that the District Court denied it the opportunity to show a genuine issue of fact existed regarding the alleged fraud.

¶23 After considering the pleadings, depositions, and other documents showing it was undisputed that the Appellees applied for loans and were pre-qualified for financing, the District Court determined summary judgment was appropriate for the fraud claims. The District Court did not err because Mill Creek had an opportunity to be heard on the issue, no genuine issue of material fact existed as to whether the Appellees committed fraud, and the Appellees were entitled to summary judgment as a matter of law.

¶24 *Issue 2: Did the District Court err when it terminated the Buy-Sell Agreement because the Appellees could not obtain financing?*

¶25 Mill Creek does not dispute that at the time the parties executed the Agreement, the Appellees were pre-qualified for financing for the remaining $946,000 of the purchase price. Neither does it dispute that the Agreement was contingent on the Appellees obtaining financing. However, Mill Creek argues that the District Court did not recognize the implied duty of a buyer to make reasonable efforts to obtain financing and urges this Court to

8

"formally recognize" such a duty. Mill Creek also contends that genuine issues of material fact exist as to whether the Appellees employed reasonable efforts to obtain financing because the Appellees did not apply for a loan with American Mortgage that required 10% down, rather than 5% down.

¶26 The Appellees respond that the Agreement was contingent on them obtaining financing for the remaining $946,000 of the purchase price. They argue that they were not required to apply for any financing terms other than those expressly stated in the Agreement. Thus, based on the terms of the Agreement, they were not required to make efforts to obtain financing for an amount other than the $946,000 specified in the Agreement.

¶27 Mill Creek is correct that this Court has never formally recognized an implied duty to make reasonable efforts to obtain financing under a financing contingency in a Buy-Sell Agreement, and we decline Mill Creek's invitation to recognize such a duty under the facts of this case. Although the District Court found that requiring the Appellees to apply for the 10% down loan was unreasonable because they did not have an extra $50,000, the court did not have to go beyond the terms of the Agreement to conclude that it was terminated.

¶28 After setting forth that $946,000 was the balance of the purchase price to be financed, the Agreement stated:

> This Agreement is contingent upon Buyer obtaining the financing *specified herein*. If financing cannot be obtained within the time set forth in the TIME FOR COMPLETION section, this Agreement is terminated and the earnest money will be refunded to the Buyer.

(Emphasis added.)

9

¶29 We conclude that the Appellees were not required to apply for the 10% down loan because the terms of financing were expressly stated in the Agreement and did not require the Appellees to obtain financing for 90% of the purchase price. The Agreement clearly states it is contingent upon the Appellees obtaining the financing "specified herein," which was the remaining $946,000. At the time of closing, the Appellees were unable to obtain financing for the remaining $946,000 because the jumbo loan from American Mortgage no longer existed and, further, Mill Creek offered no evidence that the financing required by the Agreement was available from other sources. Because the Appellees could not obtain financing specified in the Agreement, the Agreement by its express terms is terminated, and Mill Creek must return the Appellees' earnest money.

¶30 *Issue 3: Did the District Court err in granting Young's motion to set aside the default judgment?*

¶31 Mill Creek argues that the District Court erred in setting aside the default judgment because Young had failed to respond to its discovery requests and it is clearly entitled to a default judgment. Alternatively, Mill Creek contends that because the default was entered under M. R. Civ. P. 37(d), rather than M. R. Civ. P. 55(a), the District Court erred by setting aside the default because Young's motion was not made pursuant to M. R. Civ. P. 60(b) and none of the circumstances under Rule 60(b) apply.

¶32 The procedural history is as follows: Mill Creek moved for a default judgment, claiming that Young's response to its first set of discovery requests was inadequate because he only provided a laptop that contained the information requested. Mill Creek said that Young had completely failed to respond to its second set of discovery requests, as well. Two

days after Mill Creek filed its default judgment motion, Young filed a notice of service of his answers to Mill Creek's second set of discovery requests. Without citing to any civil procedure rules, the District Court entered a default judgment against Young because he had failed to file an answer brief to Mill Creek's default judgment motion within ten days and had failed to comply with the court's discovery order.

¶33 In his motion to set aside the default judgment, Young claimed Mill Creek had not served him with its second set of discovery requests. He contended that as soon as he received the motion for default, he immediately responded with answers to Mill Creek's second set of requests. The District Court set aside the default, stating:

> The default was not granted in accordance with Rule 37(b) because the Defendant [Young] apparently did file a Notice of Service of Defendant Young's Answers to Plaintiff's Second Set of Written Discovery Requests . . . three weeks before the Court granted the Plaintiff's Second Motion for Default . . . . The default is set aside for good cause shown and in the interest of having every case decided on its merits.

¶34 We disagree with Mill Creek's arguments. For whatever reason, the District Court was not aware that Young had responded to Mill Creek's discovery requests when it entered the default judgment. To correct its oversight, the court concluded that the default judgment could not have been entered under Rule 37(d) because no discovery violation had occurred. Under these circumstances, setting aside the default judgment was appropriate.

## CONCLUSION

¶35 The District Court did not err in granting summary judgment in favor of the Appellees and dismissing all of Mill Creek's claims, including its fraud claims. In addition, the District Court did not err when it set aside the default judgment.

11

¶36    Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ JIM RICE