DA 14-0752

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 166

TAGS REALTY, LLC,

       Plaintiff and Appellant,

  v.

MARK RUNKLE,

       Defendant and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
                  In and For the County of Broadwater, Cause No. DV-2012-27
                  Honorable James P. Reynolds, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

            Erik Coate, Karl Knuchel, Karl Knuchel, P.C.; Livingston, Montana

       For Appellee:

            KD Feeback, Gough, Shanahan, Johnson & Waterman, PLLP;
            Helena, Montana

Submitted on Briefs:  May 20, 2015
Decided:  June 23, 2015

Filed:

                             Clerk

FILED

June 23 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0752

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     TAGS Realty, LLC (TAGS) appeals from the order of the Montana First Judicial District Court, Broadwater County, resolving cross-motions for summary judgment in favor of Mark Runkle (Runkle).  We reverse.

## ISSUE

¶2     We review the following issue: *Did the District Court err by granting summary judgment in favor of Runkle?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     Runkle and TAGS are the locators of several adjacent and overlapping mining claims in Broadwater County.  Runkle purchased a patented lode claim called the "Black Friday" claim in 2009.  TAGS located an unpatented lode claim adjacent to the Black Friday claim in 2010.   In 2011, Runkle located an unpatented placer claim that overlapped both TAGS's claim and the Black Friday claim.

¶4     This case concerns a pile of mining waste that was located on both Runkle's and TAGS's claims.  The waste pile overlapped the common border of TAGS's claim and the Black Friday claim and was located entirely within Runkle's placer claim.  According to each of the parties, the origin of the mining waste is a disputed fact.  Both parties agree, however, that the mining waste contained gold deposits that were not economically viable at the time they were removed from an historic mine.  They also agree that the deposits became viable by 2011.  During 2011, Runkle removed and sold all of the waste.  It is undisputed that Runkle entered TAGS's claim and removed the waste located within TAGS's claim to do so.

2

¶5     TAGS initiated the present suit in response, claiming that Runkle was not entitled to remove the waste material that was located on TAGS's claim.  TAGS filed a complaint on May 7, 2012, asserting trespass and conversion causes of action.  Following discovery, the parties stipulated that the case could be decided by summary judgment.  After considering cross-motions for summary judgment, considering briefs from each party, and holding a hearing, the District Court granted summary judgment in favor of Runkle and dismissed all of TAGS's claims.  TAGS appeals.

## STANDARD OF REVIEW

¶6     We review a district court's summary judgment ruling de novo, applying the same rule, M. R. Civ. P. 56(c)(3), that a district court does when making a summary judgment ruling.  *Beaverhead Cnty. v. Mont. Ass'n of Cntys. Joint Powers Ins. Auth.*, 2014 MT 267, ¶ 11, 376 Mont. 413, 335 P.3d 721.  Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  M. R. Civ. P. 56(c)(3).

## DISCUSSION

¶7     *Did the District Court err by granting summary judgment in favor of Runkle?*

¶8     TAGS argues that the District Court's order was unsupported by either the parties' arguments or the evidence before the court.  For this reason, TAGS contends that the District Court should not have granted summary judgment and that this Court should reverse the District Court's order.  We agree.

3

¶9     The District Court granted summary judgment after deciding that TAGS had no property interests upon which it could maintain its trespass or conversion claims. It provided two reasons for this decision. First, it decided that TAGS had failed to discover any valuable lode materials on its claim site and that TAGS's claim was invalid as a result. Second, it decided that TAGS's lode claim, even if it was valid, did not give TAGS any rights to the waste materials, which were placer deposits. We cannot affirm the District Court decision based on either reason.

¶10     First, the District Court incorrectly decided on summary judgment that TAGS's lode claim was not supported by a lode discovery. It is well-established that a lode claim is only valid if it is supported by the discovery of lode materials on the claim. 30 U.S.C. § 23; 43 C.F.R. § 3832.21; *Silver Jet Mines v. Schwark*, 210 Mont. 81, 86, 682 P.2d 708, 711-12 (1984); *Boscarino v. Gibson*, 207 Mont. 112, 114, 117, 672 P.2d 1119, 1121-22 (1983); *Cole v. Ralph*, 252 U.S. 286, 294-96, 40 S. Ct. 321, 325-26 (1920). And, we have stated that "[w]hen a subsequent locator questions the existence of such a discovery, it is incumbent on the original locator to prove that he has discovered sufficient minerals." *Silver Jet Mines*, 210 Mont. at 86, 682 P.2d at 711. Here, however, the existence of a lode discovery on TAGS's claim was never questioned. Each party implicitly presumed in their arguments to the District Court that TAGS's lode claim was valid, and no evidence or argument regarding discovery of a lode deposit on TAGS's claim was ever made part of the record. Without warning to either party the District Court raised the issue and decided the case based on TAGS's failure to discover lode deposits on its claim. TAGS had no opportunity to prove that it had discovered sufficient

4

materials, and the District Court should not have granted summary judgment without allowing TAGS the opportunity to prove that there was a genuine issue of fact that it discovered lode materials on the claim. *Mill Creek Ltd. v. Lodge*, 2010 MT 65, ¶ 18, 355 Mont. 478, 228 P.3d 1144; *In re Estate of Marson*, 2005 MT 222, ¶ 11, 328 Mont. 348, 120 P.3d 382 (reversing summary judgment where a party had no notice of or opportunity to refute the District Court's reasons for granting summary judgment against it).

¶11 Runkle disagrees. He argues that TAGS admitted in its arguments to the District Court that it had never discovered lode materials on its claim. To support this argument, Runkle cites the following language from TAGS's summary judgment motion: "TAGS representatives used spray paint to mark a line on the ground clearly delineating the location of the TAGS Lode boundary lines. . . . The purpose of the line was to indicate TAGS' ownership of the materials on the surface of the TAGS Lode." Runkle also quotes statements TAGS's counsel made at a summary judgment hearing: "My client came in years later, created an unpatented lode claim. And, therefore, when he made that unpatented lode claim, he received ownership -- or exercised ownership over the abandoned materials." Based on these statements, Runkle argues that by attempting to control the placer waste materials on its lode claim, TAGS implicitly admitted that no lode materials existed on its claim. This is incorrect.

¶12 TAGS never stated or admitted that no lode materials existed or that it located its lode claim on the basis of the placer waste materials. Instead, it stated that it located a lode claim, that the mining waste was within the boundaries of that claim, and that it

5

could exercise control over the mining waste by virtue of its valid lode claim. We do not consider or rule on whether this reasoning is a correct interpretation of the law, but it is apparent that it was not an admission that TAGS failed to discover lode materials on its claim.

¶13 Additionally, Runkle suggests in this same argument that TAGS admitted the invalidity of its claim when it admitted that the waste materials, which Runkle claims are placer deposits, were within the boundaries of the lode claim. This is incorrect; the existence of placer deposits within claim boundaries will not preclude location of the claim as a lode claim. It is true that if they are not personalty, mine tailings are usually treated as placer deposits. *Foreman v. Beaverhead Cnty.*, 117 Mont. 557, 561, 161 P.2d 524, 525 (1945); *Conway v. Fabian*, 108 Mont. 287, 308, 89 P.2d 1022, 1030 (1939). It is also true that discovery of a placer deposit will not support a lode claim and discovery of a lode deposit will not support a placer claim. *Cole*, 252 U.S. at 295, 40 S. Ct. at 325-26. However, as long as a claim is supported by discovery of a proper deposit, the existence of another type of deposit within the claim boundaries will not preclude location of the claim. *Clipper Mining Co. v. Eli Mining & Land Co.*, 194 U.S. 220, 230-32, 24 S. Ct. 632, 636-37 (1904); *Reynolds v. Iron Silver Mining Co.*, 116 U.S. 687, 695-96, 6 S. Ct. 601, 606 (1886); *see* 30 U.S.C. § 37 (providing procedures by which the locator of an unpatented placer claim can acquire title to lode deposits within the boundaries of the placer claim). Runkle is incorrect when he argues that TAGS's statements regarding location of the mining waste within its claim are admissions of the

6

claim's invalidity. For the foregoing reasons, the District Court erred by granting summary judgment on an issue never raised, addressed, or conceded by the parties.

¶14 Second, the District Court incorrectly decided that regardless of whether TAGS's claim was valid, TAGS did not have a property interest sufficient to support its trespass claim. The District Court reasoned that TAGS's claim is a lode claim, the waste materials were a placer deposit, and as such TAGS had no interest in the waste materials.

¶15 Regardless of whether TAGS could assert any interest in the waste materials, TAGS may have had the right to exclude Runkle from its claim. Trespass is an intrusion on a party's right to exclusive possession of his property. *Burley v. Burlington N. & Santa Fey Ry. Co.*, 2012 MT 28, ¶ 13, 364 Mont. 77, 273 P.3d 825. A validly located mining claim is property, and the locator of the claim has the right to exclusive possession of the property within the boundaries of the claim. 30 U.S.C. § 26; *Our Lady of the Rockies, Inc. v. Peterson*, 2008 MT 110, ¶ 3, 342 Mont. 393, 181 P.3d 631; *Boscarino*, 207 Mont. at 120, 672 P.2d at 1124; *Cole*, 252 U.S. at 295, 40 S. Ct. at 325; *Belk v. Meagher*, 104 U.S. 279, 283-85 (1881). This right to exclusive possession is subject only to a superior right of the United States:

> to manage and dispose of the vegetative surface resources thereof and to manage other surface resources thereof (except mineral deposits subject to location under the mining laws of the United States). Any such mining claim shall also be subject, prior to issuance of patent therefor, to the right of the United States, its permittees, and licensees, to use so much of the surface thereof as may be necessary for such purposes or for access to adjacent land: *Provided, however,* That any use of the surface of any such mining claim . . . shall be such as not to endanger or materially interfere with prospecting, mining or processing operations or uses reasonably incident thereto.

7

30 U.S.C. § 612(b) (emphasis in original). Thus, were it established that TAGS had actually discovered a lode vein, TAGS would have the right to prevent entries on his claim made for the purposes of securing or disposing of mineral deposits on that claim. Again, this is a question of fact that the District Court inappropriately resolved against TAGS. 30 U.S.C. §§ 26, 612(b); *see United States v. Curtis-Nevada Mines, Inc.*, 611 F.2d 1277, 1285-86 (9th Cir. 1980). This right would be sufficient to maintain a trespass action against anyone seeking to make such an entry. *See Bixby v. Reynolds Mining Corp.*, 826 P.2d 968, 971 (N.M. 1992); *Boscarino*, 207 Mont. at 120, 672 P.2d at 1124; *Clipper Mining Co.*, 194 U.S. at 230-32, 24 S. Ct. at 636-37. Whether Runkle trespassed by making such an entry depends on whether he is a licensee or permittee of the United States, whether the mining waste material was a mineral deposit subject to location, and whether removal of the mineral deposit interfered with mining or processing operations. *See* 30 U.S.C. § 612(b). These are questions of fact. The District Court did not address these questions in its summary judgment order, and we will not address them here. Based on the foregoing, however, the District Court erred when it decided that, as a matter of law, TAGS's lode claim did not give it a sufficient interest to maintain its trespass action.

¶16 Regardless, Runkle urges us to affirm the District Court's decision as correct despite its incorrect reasoning. Specifically, he argues that he owned the waste materials as a successor in interest to the Black Friday claim's former owner, that the waste became his personalty before TAGS located its claim, and that TAGS's claim was subject to his interest in the waste material. These arguments, however, are fact-dependent inquiries

8

that may turn on, for example, the origin of the mining materials, whether the mining materials were abandoned, the validity of TAGS's claim, the validity of Runkle's placer claim, ownership of the land at the time the materials were dumped, or classification of the property interest conveyed to Runkle when he purchased the Black Friday claim. *Boscarino*, 207 Mont. at 120, 672 P.2d at 1124; *Conway*, 108 Mont. at 305-09, 89 P.2d at 1028-31; 6 Rocky Mountain Mineral Law Foundation, *American Law of Mining* § 205.07[3], 205-21 to -23 (Cheryl Outerbridge & Margo MacDonnell, eds., 2d ed. 2013). Given the variety of facts that may be relevant, and the limited bases upon which the District Court made its summary judgment order, we will not address these arguments.

**CONCLUSION**

¶17 The District Court erred when it granted summary judgment in Runkle's favor. Its conclusion that TAGS's lode claim was not a property interest sufficient to support TAGS's causes of action was incorrect, and its decision that TAGS's lode claim was invalid was erroneously made on an issue of which neither party had notice and to which neither party had the opportunity to respond. For these reasons, the judgment of the District Court is reversed and remanded for further proceedings in conformity with this Opinion.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA

9